MABEL F. KUNHARDT, AS EXECUTOR OF THE LAST WILL
AND TESTAMENT OF HENRY R. KUNHARDT, DE-
CEASED, PROSECUTOR, v. NEWTON A. K. BUGBEE,
COMPTROLLER OF THE TREASURY OF THE STATE OF
NEW JERSEY, RESPONDENT.

Submitted January 29, 1926—Decided May 4, 1926—Filed
July 23, 1926.

**Taxes and Assessments—Inheritance Tax—Transfers in Con-
templation of Death—Transfer Made on Same Day That Will
was Made, and Nine Days Before Death—Burden of Proof
Upon Those Who Assert That Transfer Within Two Years
of Death was Not Made in Contemplation Thereof—Prose-
cutors Contend That They Have Met the Burden of Proof—
Facts Considered at Length and Held, That the Burden Has
Not Been Sustained.**

On reargument.

Before Justices Trenchard and Katzenbach.

For the prosecutor, *Corra N. Williams* (*Robert L. Red-
field*, of counsel).

For the respondent, *Edward L. Katzenbach.*

Per Curiam.

This case was submitted at the May term, 1925, and was
decided in an opinion filed October 20th, 1925, and reported
unofficially in 3 *N. J. Mis. R.* 1107. Subsequently, a petition
for a reargument was filed. A reargument was granted for
the reason that the opinion incorrectly stated a date. This
was the date upon which the decedent, Henry F. Kunhardt,
had the first attack of angina pectoris from which ailment
he subsequently died. In the opinion filed, the date of the
first attack was given as October 5th, 1923. It should have
been stated that the first attack occurred on October 19th,

1923. This error placed the execution of the deed of trust after the first attack of angina pectoris. Both attacks of angina pectoris occurred after the execution of the deed of trust. The deed of trust was executed on October 16th, 1923. The first attack of angina pectoris occurred on October 19th, 1923. The second and fatal attack took place on October 22d, 1923. The deed of trust was therefore executed three days before the first attack and nine days before the death of Mr. Kunhardt.

The deduction made in the opinion based on the execution of the deed subsequent to the first attack was unwarranted. The case was resubmitted at the January term, 1926. We have re-examined the case. The facts, with the exception of the date mentioned, are correctly stated in the former opinion so they will not be restated. Our re-examination of the case has resulted in reaching the same conclusion we formerly reached, namely, that the tax imposed by the state should be affirmed.

In the former opinion attention was called to the amendment of the act taxing the transfer of estates made by chapter 174 of the laws of 1922. This amendment provides that: "Every transfer by deed, grant, bargain, sale or gift, made within two years prior to the death of the grantor, vendor or donor, of a material part of his estate, or in the nature of a final disposition or distribution thereof, and without an adequate valuable consideration, shall, in the absence of proof to the contrary, be deemed to have been made in contemplation of death within the meaning of this section." This provision places the burden of proving that the act of transfer made by Mr. Kunhardt and comprising property in this state valued at $437,799.02 out of a total net estate of $450,673.66, nine days before his death, was not made by him in contemplation of death. Have the prosecutors met the burden cast upon them by this provision of the statute? They contend they have. They first call the court's attention to that portion of the affidavit of Mrs. Kunhardt which states that the execution of the deed of trust, as well as the

execution of a similar deed by Mrs. Kunhardt, had been determined upon two years prior to the actual execution of Mr. Kunhardt's deed, but a family dissension had caused the postponement of the execution of the deed. This may have been Mrs. Kunhardt's understanding of the delay. Mr. Kunhardt may, however, had other reasons for the delay than the one he gave to Mrs. Kunhardt for postponing the execution of the deed. We do not think the presumption of the statute can be overcome by a statement from an interested party that an act had been determined upon two years prior to its actual execution.

It is secondly contended that the purpose of the deed of trust was the proper investment of a large fund and not a final disposition of Mr. Kunhardt's estate. This contention is met by an inspection and comparison of the deed of trust and the will of Mr. Kunhardt, both executed on October 16th, 1923. The deed of trust, as pointed out in the former opinion, provided for a life estate in the property mentioned (which was the bulk of Mr. Kunhardt's estate) to Mrs. Kunhardt, then a division into three parts of the principal (one part for each child) and payment of income of a third to each of the three children. Each child was given the power of appointment of his share. The deed also provides with great care as to the disposition of the property in the event of any child failing to exercise the power of appointment or dying prior to Mrs. Kunhardt. The will is a short document appointing executors, giving them power to sell real property and leaving all to Mrs. Kunhardt. The deed of trust evidences the grantor's best thought as to the disposition of the bulk of his estate and is in the nature of a final disposition thereof.

The next argument advanced is that the deed was suggested by counsel for the purpose mentioned and not by Mr. Kunhardt. It was, however, executed by the decedent who adopted the suggestion of his counsel. The fact that the suggestion of the deed came from counsel is not of itself sufficient to overcome the presumption placed upon the prosecutors that it was made in contemplation of death.

It is next insisted that Mrs. Kunhardt made at the same time a similar deed for her property for the same purpose and that the contemplation of each must have been the same. This does not necessarily follow. The motive which prompted Mr. Kunhardt to execute his deed may have been entirely different from the motive which actuated Mrs. Kunhardt to execute the deed for her property. The prosecutor further argues that when Mr. Kunhardt died he was contemplating spending the winter in Nassau, West Indies, and had engaged rooms there; that he was planning a trip around the world in 1925, and had just made five year leases for a country place and an apartment in New York City, and that these acts indicate that he was not contemplating death. The answer to this argument is set forth in the former opinion. We do not think it necessary to repeat it, but call attention to the statement of Mr. Kunhardt's physician, Dr. Hutton, that for two or three years immediately prior to his death Mr. Kunhardt had consulted him about his health, and that he was of the opinion that Mr. Kunhardt had arterie sclerosis, commonly known as hardening of the arteries, with involvement of the coronary artery, which is a slowly progressive disease. Dr. Hutton said that at no time he informed Mr. Kunhardt of the serious nature of his ailment. Persons usually, however, know their condition when so afflicted. They do not have to be told as a rule their condition or what will be the outcome thereof. We think Mr. Kunhardt understood his condition. The things he did, including the execution of the deed of trust, indicate this. For the purpose of disarming the members of their families persons frequently indulge in the discussion and preparation for travel. The prosecutors ask us to infer an absence of the contemplation of death from such preparation on the part of Mr. Kunhardt. This we are not inclined to do. To reach the true workings of the human mind is always difficult. It was perhaps largely for this reason that the amendment of the law contained in chapter 177 of the laws of 1922 was passed by which the presumption, under the conditions mentioned in the act which exist

in the instant case, is created that the instrument was made in contemplation of death.

The petition for reargument calls our attention to certain New York cases which have dealt with this question and in which it has been held that the presumption created by a similar provision in the New York law has been rebutted by the circumstances set forth in the cases cited. We have examined these cases and while in some of them many of the facts are similar to the ones existing in the present case, yet other facts differentiate them. We find as a fact that the presumption created by the statute has not been overcome. The tax assessed is affirmed.